B/O

N/S/I

1. Lynn Macy "In Pro Per"
2. P.O. Box #103
3. Twin Peaks, Ca. 92391
4. (909) 744 -8480

FILED
CLERK, U.S. DISTRICT COURT
3/28/24
CENTRAL DISTRICT OF CALIFORNIA
BY: __eee__ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF(S) NAMES )<br>    Plaintiff Lynn Macy )<br> )<br>    v )<br> )<br>DEFENDANT(S) NAMES )<br>    Defendants Cedarpines Park Mutual Water Company;<br>    and all persons' unknown Claiming Any Legal<br>    or Equitable Right, Title, Estate, Lien<br>    or Interest in the Property Described in<br>    the Complaint Adverse to Plaintiff's Title,<br>    or any Cloud on Plaintiff Title Thereto<br>    and DOES 1 Through 10 Inclusive,<br>    Defendants. | CASE NO.:<br><br>**5:24-CV-00668-AB-SHKx** |

-------------------------------------------------------

### COMPLAINT TO QUIET TITLE & FOR INJUNCTIVE RELIEF

Plaintiff's complaint & for causes of action alleges as follows:

I.

Plaintiff Lynn Macy, are, & at all times mentioned in this complaint are residents of San Bernardino County, California.

II.

Defendants Cedarpines Park Mutual Water Company, are, & at all times mentioned in this complaint are residents of San Bernardino County, California.

-1-

III.

All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto & DOES 1 through 10, inclusive, & therefore sues them by those fictitious names. In addition to language in charging allegations that includes fictitiously named Defendants: Plaintiff is informed & believes on that basis alleges that each of the DOE Defendant's claims, or may claim, some interest in Plaintiff's real property described in this complaint. The names, capacities & relationships of DOES 1 through 10 will be alleged by amendment to this complaint when they are known.

IV.

Plaintiff is informed & believes, & on that basis alleges, that at all times mentioned in this complaint, Defendants were the agents & employees of their co-Defendants, & in doing the things alleged in this complaint were acting within the course & scope of that agency & employment.

V.

Plaintiff is the owner in fee & is in possession & control of real property & improvements located at 22437 Mojave River Road Cedarpines Park Ca 92322, 0 Mojave River Road Cedarpines Park Ca 92322, 22390 Mojave River Road Cedarpines Park Ca 92322, & more specifically described as Tract #2341 Cedarpines Highlands #5. APN# 034303101-0000.

VI.

Plaintiff is obtained fee simple title to the real property by a grant deed from KEILY, CECILE L TRUST, which is dated 07/06/2020, & recorded as document number 20200223351 in the official records of San Bernardino County, California.

VII.

Defendants claim an interest or estate in Plaintiff's above-described property, or a portion of it, by Water Company employee, specifically "Nate" – Maintenance Department put permanent & locked water test pipes equipment on Macy Family Property. Water test equipment was not installed properly with County permit or any authority from County, State or Macy Family. Cedarpines Park Water Company does not have legal service authority to ever be on Macy Family property. Defendants do not service Plaintiff's whatsoever, Plaintiff's property is outside of Defendants service area. Defendants clearly were shown boundary survey markers by Jeff Macy. The claim of Defendants is without any right whatsoever, & Defendants have no right, estate, title, or interest in the above-described property of Plaintiff, or any part of it. Defendants Cedarpines Mutual Water Company, a private owned company trespassed multiple times onto Plaintiff's religious property without permission, & put water meter on Plaintiff's property. Defendants trespassed again to dig hole with tractor & stole water meter off Plaintiff's property.

VIII.

Plaintiff seeks to quiet title to the disputed portion of Plaintiff's above-described property as of this filing date.

IX.

Defendants Cedarpines Park Mutual Water Company has no easements on Plaintiff's property. There are no utility easements according to San Bernardino County on Plaintiff's property. The Property Ownership Fairness Act includes a simple process to file a claim for compensation, designed to allow government & property owners to negotiate a settlement. The government has **90** days to decide whether to restore the property rights by waiving the land-use restriction or to pay the owner for taking those rights away. If the government chooses not

to apply the restriction, that waiver can be passed down to later owners of the property. If the government either rejects the claim letter or takes no action within 3 months, the owner can ask a court to order compensation. & because the government must pay a successful property owner's legal bill, bureaucrats have an incentive to cooperate & resolve disputes. Defendants cannot get a permit on someone else's property. If Defendants want to leave water test equipment on Plaintiff's property, Plaintiff request that Defendants must pay Plaintiff's $250,000 + $10,000 a year, for use & restriction of Plaintiff's property, or to remove any and all encroachments. The U.S. Constitution prohibits the government from taking private property for public use unless it first pays the landowner **"just compensation."** Defendants Water Company is **restricting the use** of Macys religious, nonprofit private property MacyLand (violating Macys Constitutional right), and is required to pay **"just compensation"** for the right to use land or to remove any and all encroachments.

    The Takings Clause of the **Fifth Amendment**, provides that **"…nor shall private property be taken for public use, without just compensation."** A taking may occur when a government regulation **restricts the use of land**, even if the government does not invade or occupy the land. The Supreme Court has defined "public use" broadly, encompassing such purposes as economic development.

X.

    Defendants Cedarpines Park Mutual Water Company have wrongfully interfered with Plaintiff's use of the portion of Plaintiff's above- described property.

    {No Prescriptive Easements Allowed If "exclusively used": must remove improvements.}

XI.

    Plaintiff is informed & believes Defendants have been littering: dumping rusted/bent water pipes & base rock on Plaintiff's property. Defendants have

been parking their tractor on Plaintiff's property. Plaintiff's suspect Defendants Water Company of stealing Plaintiff's fences. Plaintiff's family was on Macy property cleaning up trash when Defendant's employee **"Nate" said to Plaintiffs son, "You can't have anything 15' from Water Company water test equipment."** Defendant's employee "Nate" also admitted to destruction of private property: taking Plaintiff's chains off & said, **"Nothing you can do about it!"** Defendant's Water Company is using water test equipment to disable Plaintiff's security systems. (Cables, chains). Defendant's water test equipment was not approved by water board district. Defendant's water test equipment is not being regulated by California water?

XII.

Defendants Cedarpines Park Mutual Water Company does not service Macy property. The Macy Family had a meeting with the Supervisors of the Water Company years ago; about how the Water Company does not service the Macy Family Property. The Supervisors of the Water Company said, "Water Company has no authority to give Macy Family Property water". The Water Company has never received permission from Macy Family, nor will it ever, keep permanent water bacteria test equipment on Macy property. Having no easement, authorization, or permission from Macy Family, Defendants Water Company trespassed and put in Property Encroachment; stealing and restricting Macy Family's use of land.

"Justice Robie in Harrison v Welch, a **2004** Third District Court of Appeal case, wrote: "We discern the rule that an exclusive prescriptive easement, which as a practical matter completely prohibits the true owner from using his land, will not be granted in a case (like this) involving a garden-variety residential boundary encroachment."

Robie concluded that the woodshed, made of railroad ties sunk into the ground, effectively excluded the Harrisons of any use of that portion of their property, & likewise, Denese Welch's planted trees, railroad tie planter boxes &

buried irrigation system completely prohibited the Harrisons from using that part of their Lot 8.

Because the encroachments essentially gave Welch exclusive use of that part of Lot 8, she was not entitled to a prescriptive easement. The woodshed & other improvements spilling over the mutual boundary line must be removed."

{Use Can't Prevent Owner from Meaningful Use of Its Land}

"Where a prescriptive easement denies the landowner any meaningful use of his property, courts will recognize that it has the same effect as taking ownership by adverse possession. In such cases, no such easement will be enforced. Accordingly, while a use may be modified to accommodate a natural evolution, it will not be permitted if doing so would effectively eliminate any meaningful use of the servient estate."

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

That Defendants be required to set forth each & every claim they may assert to Plaintiff's above-described property; Remove illegal water testing equipment. Remove everything off Macy's Land across existing survey line by Licensed EHE surveyors.

That this court determines the true & correct location of the boundary line. Impartial Surveyor Matthew Christian EHE license # L.S. 9410 officially filed with San Bernardino County. EHE #20-330. On September 2020 showing 5 clear tract markers of true boundary line.

That Plaintiff's title in & to Plaintiff's above- described property be quieted, that it be adjudged that the true & correct location of the boundary line between the above-described properties of Plaintiff's & that Defendants be

adjudged to have no right, title, estate, lien, or interest in or to the property of Plaintiff, or any part of that property;

For a restraining order, preliminary injunction, & a permanent injunction prohibiting Defendants Cedarpines Park Mutual Water Company; all persons' Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on Plaintiffs Title Therefore from interfering with Plaintiff's use of the disputed portion of Plaintiff's property;

For Punitive damages, attorney fees & costs incurred in this action; and

For such other & further relief as this court may deem just & proper.

DATE: 3/28/24

*Lynn Macy*
(Lynn Macy)

VERIFICATION

I, Lynn Macy's son in the above-entitled action. I have read the foregoing I & know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information & belief, & as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true & correct & that this declaration was executed at Lake Arrowhead, California.

DATE: 3/28/24

*Lynn Macy* (Signature)

-7-