UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:24-cv-00668-AB-SHK | Date: | July 12, 2024 |
|---|---|---|---|
| Title: | *Lynn Macy v. Cedarpines Park Mutual Water Company, et al.* | | |

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):
None Present                            None Present

**Proceedings (IN CHAMBERS):   ORDER DENYING REQUEST FOR SERVICE AND TO SHOW CAUSE**

On March 28, 2024, pro se Plaintiff Lynn Macy ("Plaintiff") filed a complaint ("Complaint") against Defendants "Cedarpines Park Mutual Water Company [("Cedarpines")]; and all persons' unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on Plaintiff Title Thereto and DOES 1 Through 10 Inclusive [("Doe Defendants")]" (collectively, "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl. at 1. Plaintiff also attached a Summons ("First Summons") to the Complaint and named "Cedarpines Park Mutual Water Company" as the sole Defendant in this case. See id. at 1-2, First Summons. On the same day, Plaintiff also filed a request to proceed in forma pauperis ("IFP"), ("IFP Request"), see ECF No. 4, which the Court granted on April 2, 2024 ("IFP Grant"), see ECF No. 8. Thus, Plaintiff is now proceeding IFP in this matter.

On April 4, 2024, the Clerk of Court issued a Notice to Filer of Deficiencies in Request for Issuance of Summons ("NOD"), which stated that "[t]he caption of the summons must match the caption of the complaint verbatim" and that "[t]he summons cannot be issued until this defect has been corrected." ECF No. 9, NOD at 1.

On April 9, 2024, Plaintiff filed the request for the United States Marshal Service ("USMS") to serve the Complaint and Summons on Defendants ("USMS Request") that is presently before the Court. ECF No. 11, USMS Request. In the USMS Request, Plaintiff states that the "[f]ee waiver [is] already approved" in this case. Id. at 1. On the same day, the Clerk of Court issued a Summons ("Summons") for Defendant Cedarpines only. ECF No. 12, Summons.

On July 9, 2024, Plaintiff filed a Proof of Service ("POS"), indicating that Cedarpines was served with the Summons and Complaint.  ECF No. 14, POS.

"'A pro se plaintiff proceeding in forma pauperis is entitled to rely on the [USMS] for service of the summons and complaint' only after 'having provided the necessary information to help effectuate service under 28 U.S.C. § 1915 and [Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule")] 4.'"  Gordon v. Perris Police Station, Case No. ED CV 18-315-RGK AGR, 2019 WL 13014628, at *1 (C.D. Cal. Apr. 30, 2019) (citing Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)); see also Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 . . . .").  Under Rule 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

Here, because Plaintiff is proceeding IFP, Plaintiff is entitled to rely on the USMS for service of the Summons and Complaint on Defendants.  Fed. R. Civ. P. 4(c)(3); Puett, 912 F.2d at 275; Gordon, 2019 WL 13014628, at *1.  However, Plaintiff recently filed a POS indicating that Cedarpines has now already been served with the Summons and the Complaint.  ECF No. 14, POS.  Thus, Plaintiff's USMS Request is **DENIED**, without prejudice, as moot, insofar as Plaintiff seeks service of the Summons and Complaint upon Cedarpines.  Further, Plaintiff has not provided the identities or addresses of the Doe Defendants to the Court, nor has Plaintiff been issued a Summons for the Doe Defendants.  Consequently, service by the USMS cannot be effectuated on the Doe Defendants without this information because it is unclear who the Summons and Complant should be served on, and where that service should occur.  As such, insofar as Plaintiff seeks service of the Summons and Complaint on Doe Defendants, Plaintiff's Request is similarly **DENIED**, without prejudice.

Finally, because it has been more than ninety days since Plaintiff filed the Complaint in this case and the Doe Defendants have not yet been served with the Summons and Complaint, Plaintiff is ordered to show cause by **July 29, 2024,** why the Doe Defendants should not be dismissed from this case pursuant to Rule 4(m) for having not yet been served.  Plaintiff can satisfy this order by either: (1) filing a POS indicating who the Doe Defendants are and that they have been served; or (2) obtaining a Summons bearing the names and addresses of the Doe Defendants and filing a renewed request for USMS service by the date listed above.  **Plaintiff is warned that failure to timely perform one of the options above will result in a recommendation that the Doe Defendants be dismissed from this action, with or without prejudice, for failure to prosecute and follow the Rules and Court orders.**

**IT IS SO ORDERED.**