1  CHRISTOPHER M. MOFFITT, Bar No. 255599
   chris.moffitt@bbklaw.com
2  CHRISTINA ABBATE, Bar No. 348276
   christina.abbate@bbklaw.com
3  BEST BEST & KRIEGER LLP
   3390 University Avenue
4  5th Floor
   P.O. Box 1028
5  Riverside, California  92502
   Telephone:  (951) 686-1450
6  Facsimile:   (951) 686-3083

7  Attorneys for Defendant
   Cedarpines Park Mutual Water Company
8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 | Lynn Macy,                                    | Case No. 5:24-cv-00668-AB-SHKx
13 |             Plaintiff,                        | DEFENDANT'S MOTION TO
                                                     QUASH SERVICE OF SUMMONS
14 |     v.
                                                   | [*Filed concurrently with Declaration
15 | Cedarpines Park Mutual Water                  | of Christopher Moffitt, Declaration of
    Company; and all persons unknown               | Selena Alegria and Proposed Order*]
16 | Claiming Any Legal or Equitable Right,
    Title, Estate, Lien  or Interest in the        | Date:  August 23, 2024
17 | Property Described in the Complaint           | Time: 10:00 a.m.
    Adverse to Plaintiff's Title, or any           | Dept:  Courtroom 7B
18 | Cloud on Plaintiff Title Thereto and          | Judge: Hon. Andre Birotti, Jr.
    DOES 1 through 10 inclusive,
19 | ,
20 |             Defendant.

21

22

23

24

25

26

27

28

10059.00009\42464809.1              - 1 -          5:24-CV-00668-AB-SHKX
                                                   DEFENDANT'S MOTION TO QUASH
                                                   SERVICE OF SUMMONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 23, 2024 at 10 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California, ***specially appearing*** Defendant CEDARPINES PARK MUTUAL WATER COMPANY ("Defendant") will and does hereby move to quash Plaintiff's service of summons and complaint on Defendant.

This Motion is made pursuant to Federal Rules of Civil Procedure, Rules 4, 12(b)(4), and 12(b)(5) on the grounds that Plaintiff Lynn Macy failed to effectuate proper service of summons and complaint upon Defendant.

This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the Declarations of Christopher Moffitt and Selena Alegria; the pleadings on file herein; and on any other matters properly before the Court at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 18, 2024. (See Declaration of Christopher Moffitt.)

Dated: July 18, 2024
BEST BEST & KRIEGER LLP

By: _____
CHRISTOPHER M. MOFFITT
CHRISTINA ABBATE

Attorneys for Defendant
Cedarpines Park Mutual Water Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant Cedarpines Park Mutual Water Company ("Defendant") specially appears through counsel, and submits this memorandum of points and authorities in support of its motion to quash service of process pursuant to Federal Rules of Civil Procedure 4, 12(b)(4), and 12(b)(5).

Plaintiff Lynn Macy ("Plaintiff") improperly served a summons and complaint on Defendant, and on its face, the summons is improper and contains more than a mere technical defect.  Accordingly, Defendant's Motion to Quash should be granted based on the deficiencies relating to the summons and service thereof.

As it relates to improper service of process, the summons and complaint served on Defendant comply with neither federal nor state law, and the proof of service filed with this Court does not indicate otherwise.  Moreover, the summons issued instructs Defendant to appear before the wrong court.  In response to Defendant's counsel informing Plaintiff of the defects to service and offering to accept service of a corrected summons and complaint, someone in Plaintiff's stead offered only that he believed the service was sufficient.

Consequently, Defendant requests that this Court quash service of the summons and complaint because they have not been properly served.  Defendant further requests that this court, *sua sponte*, dismiss this matter for lack of jurisdiction.

## II.   FACTUAL BACKGROUND

On April 15, 2024, an individual appeared at the main office for the Cedarpines Park Mutual Water Company, located at 21853 Crest Forest Dr., Cedarpines Park, CA 92322.  (See Declaration of Selena Alegria, ¶ 3.)  The individual pushed a set of documents through a slot of the glass partition in the office lobby toward Selena Alegria, an office assistant with Cedarpines Park Mutual Water Company.  (*Id.*)  The individual did not identify herself, did not inquire who was in charge of the office, and did not communicate the contents of the documents.  (*Id.*)  Indeed, Selena Alegria

1   is not in charge of the office, is not authorized to accept service of process on behalf
2   of Defendant, and did not accept service of same. (*Id.*) A copy of a summons and
3   complaint dropped off at Defendant's office arrived at Defendant's PO Box the
4   following day. (*Id.*, ¶ 4.)

5   The summons left at Defendant's office indicated that a suit was filed in the
6   Eastern District of California. (See Declaration of Selena Alegria, ¶ 4, and Exhibit
7   "A" thereto.)

8   On June 18, 2024, counsel for Defendant mailed[1] a letter explaining the defects
9   to the service of her summons and complaint to and offering to accept service of the
10  summons and complaint upon correction of the defects. (See Declaration of
11  Christopher Moffitt, ¶ 2, and Exhibit "A" thereto.) On July 3, 2024, an individual
12  identifying himself as "Jeff Macy" left a voicemail message for counsel for
13  Defendant indicating that he was responding to the June 18 letter, and asserting that
14  he believed the documents mentioned therein were "served properly." (*Id.*, ¶ 3.) In
15  his voicemail, Jeff Macy did not indicate that the Plaintiff had any interest in
16  correcting the defective summons or serving same on counsel for Defendant. (*Id.*)
17  More importantly, in his voicemail, Jeff Macy did not represent that he was either (1)
18  an interested party in this litigation, (2) an attorney, (3) acting on Plaintiff's behalf,
19  or (4) authorized to act on Plaintiff's behalf. (*Id.*) Counsel for Defendant received
20  no indication from Plaintiff that Jeff Macy is authorized to speak on her behalf, and
21  no response to the June 18 letter from Plaintiff. (*Id.*) Not wishing to force Jeff Macy
22  into the unlawful practice of law, counsel for Defendant did not return Jeff Macy's
23  voicemail. (*Id.*)

24  **III.   LEGAL STANDARD**

25  Objections to service of process may be made in a responsive pleading or
26  through a Rule 12(b) motion to dismiss. Fed. R. Civ. P. 12(b)(5); see *Haven v.*

---

[1] To date, despite request, Plaintiff has not provided an email address or other, faster means of sending written communications with Plaintiff.

Polska, 215 F.3d 727, 732 (7th Cir. 2000). Federal Rule of Civil Procedure 12(b)(5) allows a defendant to challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). If service is insufficient, as defined by Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "[I]f it appears that effective service can be made and there has been no prejudice to the defendant, a court will quash service rather than dismiss the action." *Vasic v. Patent Health, LLC*, No. 13CV849, 2013 WL 4716341, *3 (S.D. Cal. Sept. 3, 2013).

## IV.   ARGUMENT

### A.   Plaintiffs Failed to Properly Serve the Defendant

Federal Rules of Civil Procedure Rule 4(h)(1) provides that a corporation may be served in a judicial district of the United States (A) "in the manner prescribed by Rule 4(e)(1)[2] for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant…." Fed. R. Civ. P. 4(h)(1).

Pursuant to California law, service on a corporation must be made either "[t]o the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable)" or "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person

---

[2] Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made…."

authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10.[3]

Challenges to the manner of service are interpreted strictly. See *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be held." (*Id.* at 300.) Once service of process is properly challenged, the burden shifts to the plaintiff to establish that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

Here, Plaintiff has not made a showing that she served the Defendant pursuant to Rule 4. The proof of service filed on July 9, 2024 is not proof of having served the summons and complaint on any individual authorized by Defendant or by statute to accept service. (See Dkt. 14.) Indeed, the specified agent for service of process on Defendant is clearly identified with the California Secretary of State as:

MICHAEL RIDDELL
33900 UNIVERSITY AVENUE 5TH FLOOR
RIVERSIDE, CA  92502[4]

(See Declaration of Christopher Moffitt, ¶ 4.)

Rather, Plaintiff's proof of service indicates that the summons and complaint was left "inside the office's window" with a "blonde lady at the office." Defendant is unaware of any "blonde lady" at its office who is authorized to accept service of process on its behalf.

### B. The Court Should, *Sua Sponte*, Dismiss this Complaint

Importantly, even proper service of process in this matter cannot correct the

---

[3] California Code of Civil Procedure alternatively permits service by leaving and mailing copies, so long as the copy left at the office is left "with the person who is apparently in charge thereof" and a copy is mailed to the person to be served "at the place where a copy of the summons and complaint were left." (Cal. Civ. Proc., Code § 415.20.)

[4] See https://bizfileonline.sos.ca.gov/search/business [last accessed July 15, 2024].

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

1  jurisdictional issues surrounding it.  Plaintiff's complaint appears in the form of a
2  "COMPLAINT TO QUIET TITLE & FOR INJUNCTIVE RELIEF."  (See
3  Complaint, p. 1.)  There is no jurisdictional statement in the complaint and Plaintiff
4  offers no basis for this court entertaining an action for quiet title and injunctive relief.
5  Defendant therefore argues that permitting Plaintiff to again attempt service of the
6  summons and complaint in this matter would be futile.

## V.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court quash service of the Summons and Complaint as against the Defendant and dismiss this matter for lack of jurisdiction.

Dated:  July 18, 2024                              BEST BEST & KRIEGER LLP

By: _____
CHRISTOPHER M. MOFFITT
CHRISTINA ABBATE

Attorneys for Defendant
Cedarpines Park Mutual Water
Company

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Cedarpines Park Mutual Water Company, certifies that this brief contains 1862 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 18, 2024

BEST BEST & KRIEGER LLP

By: _____
CHRISTOPHER M. MOFFITT
CHRISTINA ABBATE

Attorneys for Defendant
Cedarpines Park Mutual Water Company

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

10059.00009\42464809.1

- 8 -

5:24-CV-00668-AB-SHKX
DEFENDANT'S MOTION TO QUASH
SERVICE OF SUMMONS

Re: CENTRAL DISTRICT OF CALIFORNIA  Case Number: 5:24-cv-00668-AB-SHKx

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Riverside County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3390 University Avenue, 5th Floor, P.O. Box 1028, Riverside, California 92502. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On July 18, 2024, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

      DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS

in a sealed envelope, postage fully paid, addressed as follows:

Lynn Macy                                     In Pro Per
P.O. Box #103
Twin Peaks, Ca. 92391
(909) 744 -8480

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 18, 2024, at Riverside, California.

                                                 *Nieka Caruthers-Dodson*
                                                      Nieka Dodson