1  CHRISTOPHER M. MOFFITT, Bar No. 255599
   chris.moffitt@bbklaw.com
2  CHRISTINA ABBATE, Bar No. 348276
   christina.abbate@bbklaw.com
3  BEST BEST & KRIEGER LLP
   3390 University Avenue
4  5th Floor
   P.O. Box 1028
5  Riverside, California  92502
   Telephone:  (951) 686-1450
6  Facsimile:   (951) 686-3083

7  Attorneys for Defendant
   Cedarpines Park Mutual Water Company

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                 WESTERN DIVISION

12

13  Lynn Macy,                          Case No. 5:24-cv-00668-AB-SHKx

14          Plaintiff,                   **DECLARATION OF SELENA
                                         ALEGRIA IN SUPPORT OF
15      v.                               MOTION TO QUASH SERVICE
                                         OF SUMMONS**
16  Cedarpines Park Mutual Water
    Company; and all persons unknown     [*Filed concurrently with Motion,
17  Claiming Any Legal or Equitable Right, *Declaration of Christopher Moffitt*
    Title, Estate, Lien or Interest in the *and Proposed Order*]
18  Property Described in the Complaint
    Adverse to Plaintiff's Title, or any
19  Cloud on Plaintiff Title Thereto and
    DOES 1 through 10 inclusive,         Date:      August 23, 2024
20                                       Time:      10:00 a.m.
            Defendants.                  Dept:      7B
21                                       Judge:     Andre Birotte Jr.

22                                       Trial Date:    Not Set
                                         Action Filed:  March 28, 2024
23

24

25

26

27

28

10059.00009\42471550.1

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

**DECLARATION OF SELENA ALEGRIA**

I, Selena Alegria, declare:

1.      I am over the age of eighteen.  I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify competently to all of the facts set forth below.

2.      I am and at all relevant times hereto was an office assistant for Cedarpines Park Mutual Water Company, located at 21853 Crest Forest Dr., Cedarpines Park, CA 92322.

3.      On April 15, 2024, I was present at work and an individual appeared at the main office for the Cedarpines Park Mutual Water Company.  The individual pushed a set of documents through a slot of the glass partition in the office lobby toward me.  The individual did not specify her name, inquire who was in charge of the office, or communicate the contents of the documents.  I am not in charge of the Cedarpines Park Mutual Water Company or its office, and did not accept service of these documents; nor did I communicate that I had any authority to accept service of these documents.

4.      The following day, a copy of a summons and complaint the individual left arrived at the Cedarpines Park Mutual Water Company PO Box.  In both instances the summons indicated that it was for a lawsuit filed in the District Court for the Eastern District of California.  Attached hereto as Exhibit "A" is a true and correct copy of the summons and complaint dropped off at the Cedarpines Park Mutual Water Company on April 15.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of July, 2024, at Cedarpines Park, California.

SELENA ALEGRIA

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA 92502

10059.00009\42471550.1

- 2 -

5:24-CV-00668-AB-SHKX
DECLARATION OF SELENA ALEGRIA IN
SUPPORT OF MOTION TO QUASH
SERVICE OF SUMMONS

# **<u>EXHIBIT A</u>**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California ▾

| | |
|---|---|
| Lynn Macy | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  5:24-CV-00668-AB-SHKx |
| | ) |
| Cedarpines Park Mutual Water Company | ) |
| See attachement complaint: | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Cedarpines Park Mutual Water Company
21853 Crest Forest Dr, Cedarpines Park, CA 92322

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Lynn Macy
26175 Augusta Way, Lake Arrowhead, CA 92352
Mailing: P.O. Box #103 Twin Peaks, CA 92391

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:      04/09/2024

*Signature of Clerk*

1  Lynn Macy "In Pro Per"

2  P.O. Box #103

3  Twin Peaks, Ca. 92391

4  (909) 744 -8480

5              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
6

7  PLAINTIFF(S) NAMES              )      CASE NO.: 5:24-cv-00668-AB-SHKx
        Plaintiff Lynn Macy        )
8                                  )
                                   )
9              v                   )
                                   )
10  DEFENDANT(S) NAMES             )
         Defendants Cedarpines Park Mutual Water Company;
11       and all persons' unknown Claiming Any Legal

12       or Equitable Right, Title, Estate, Lien

13       or Interest in the Property Described in

14       the Complaint Adverse to Plaintiff's Title,

15       or any Cloud on Plaintiff Title Thereto

16       and DOES 1 Through 10 Inclusive,

17       Defendants.

18  --------------------------------------------------------

19

20              COMPLAINT TO QUIET TITLE & FOR INJUNCTIVE RELIEF

21

22       Plaintiff's complain & for causes of action alleges as follows:

                                   I.
23
         Plaintiff Lynn Macy, are, & at all times mentioned in this complaint are
24
    residents of San Bernardino County, California.
25
                                   II.
26
         Defendants Cedarpines Park Mutual Water Company, are, & at all times
27
    mentioned in this complaint are residents of San Bernardino County, California.
28

III.

All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto & DOES 1 through 10, inclusive, & therefore sues them by those fictitious names. In addition to language in charging allegations that includes fictitiously named Defendants: Plaintiff is informed & believes on that basis alleges that each of the DOE Defendant's claims, or may claim, some interest in Plaintiff's real property described in this complaint. The names, capacities & relationships of DOES 1 through 10 will be alleged by amendment to this complaint when they are known.

IV.

Plaintiff is informed & believes, & on that basis alleges, that at all times mentioned in this complaint, Defendants were the agents & employees of their co-Defendants, & in doing the things alleged in this complaint were acting within the course & scope of that agency & employment.

V.

Plaintiff is the owner in fee & is in possession & control of real property & improvements located at 22437 Mojave River Road Cedarpines Park Ca 92322, 0 Mojave River Road Cedarpines Park Ca 92322, 22390 Mojave River Road Cedarpines Park Ca 92322, & more specifically described as Tract #2341 Cedarpines Highlands #5. APN# 034303101-0000.

VI.

Plaintiff is obtained fee simple title to the real property by a grant deed from KEILY, CECILE L TRUST, which is dated 07/06/2020, & recorded as document number 20200223351 in the official records of San Bernardino County, California.

-2-

VII.

Defendants claim an interest or estate in Plaintiff's above-described property, or a portion of it, by Water Company employee, specifically "Nate" – Maintenance Department put permanent & locked water test pipes equipment on Macy Family Property. Water test equipment was not installed properly with County permit or any authority from County, State or Macy Family. Cedarpines Park Water Company does not have legal service authority to ever be on Macy Family property. Defendants do not service Plaintiff's whatsoever, Plaintiff's property is outside of Defendants service area. Defendants clearly were shown boundary survey markers by Jeff Macy. The claim of Defendants is without any right whatsoever, & Defendants have no right, estate, title, or interest in the above-described property of Plaintiff, or any part of it. Defendants Cedarpines Mutual Water Company, a private owned company trespassed multiple times onto Plaintiff's religious property without permission, & put water meter on Plaintiff's property. Defendants trespassed again to dig hole with tractor & stole water meter off Plaintiff's property.

VIII.

Plaintiff seeks to quiet title to the disputed portion of Plaintiff's above-described property as of this filing date.

IX.

Defendants Cedarpines Park Mutual Water Company has no easements on Plaintiff's property. There are no utility easements according to San Bernardino County on Plaintiff's property. The Property Ownership Fairness Act includes a simple process to file a claim for compensation, designed to allow government & property owners to negotiate a settlement. The government has 90 days to decide whether to restore the property rights by waiving the land-use restriction or to pay the owner for taking those rights away. If the government chooses not

1  to apply the restriction, that waiver can be passed down to later owners of the
2  property. If the government either rejects the claim letter or takes no action within
3  3 months, the owner can ask a court to order compensation. & because the
4  government must pay a successful property owner's legal bill, bureaucrats have
5  an incentive to cooperate & resolve disputes. Defendants cannot get a permit
6  on someone else's property. If Defendants want to leave water test equipment
7  on Plaintiff's property, Plaintiff request that Defendants must pay Plaintiff's
8  $250,000 + $10,000 a year, for use & restriction of Plaintiff's property, or to remove
9  any and all encroachments. The U.S. Constitution prohibits the government from
10 taking private property for public use unless it first pays the landowner **"just
   compensation."** Defendants Water Company is **restricting the use** of Macys
11 religious, nonprofit private property MacyLand (violating Macys Constitutional
12 right), and is required to pay **"just compensation"** for the right to use land or to
13 remove any and all encroachments.
14          The Takings Clause of the **Fifth Amendment**, provides that **"...nor shall
15 private property be taken for public use, without just compensation."** A taking
16 may occur when a government regulation **restricts the use of land**, even if the
17 government does not invade or occupy the land. The Supreme Court has
18 defined "public use" broadly, encompassing such purposes as economic
19 development.
20
21                                            X.
22          Defendants Cedarpines Park Mutual Water Company have wrongfully
23 interfered with Plaintiff's use of the portion of Plaintiff's above- described property.
24          {No Prescriptive Easements Allowed If "exclusively used": must remove
25 improvements.}
26                                           XI.
27          Plaintiff is informed & believes Defendants have been littering: dumping
28 rusted/bent water pipes & base rock on Plaintiff's property. Defendants have

1  been parking their tractor on Plaintiff's property. Plaintiff's suspect Defendants

2  Water Company of stealing Plaintiff's fences. Plaintiff's family was on Macy

3  property cleaning up trash when Defendant's employee **"Nate" said to Plaintiffs**

4  **son, "You can't have anything 15' from Water Company water test equipment."**

5  Defendant's employee "Nate" also admitted to destruction of private property:

6  taking Plaintiff's chains off & said, **"Nothing you can do about it!"** Defendant's

7  Water Company is using water test equipment to disable Plaintiff's security

8  systems. (Cables, chains). Defendant's water test equipment was not approved

9  by water board district. Defendant's water test equipment is not being regulated

10  by California water?

XII.

12        Defendants Cedarpines Park Mutual Water Company does not service

13  Macy property. The Macy Family had a meeting with the Supervisors of the Water

   Company years ago; about how the Water Company does not service the Macy

14  Family Property. The Supervisors of the Water Company said, "Water Company

15  has no authority to give Macy Family Property water". The Water Company has

16  never received permission from Macy Family, nor will it ever, keep permanent

17  water bacteria test equipment on Macy property. Having no easement,

18  authorization, or permission from Macy Family, Defendants Water Company

19  trespassed and put in Property Encroachment; stealing and restricting Macy

20  Family's use of land.

21        "Justice Robie in Harrison v Welch, a **2004** Third District Court of Appeal

22  case, wrote: "We discern the rule that an exclusive prescriptive easement, which

23  as a practical matter completely prohibits the true owner from using his land, will

24  not be granted in a case (like this) involving a garden-variety residential

25  boundary encroachment."

26        Robie concluded that the woodshed, made of railroad ties sunk into the

27  ground, effectively excluded the Harrisons of any use of that portion of their

28  property, & likewise, Denese Welch's planted trees, railroad tie planter boxes &

1  buried irrigation system completely prohibited the Harrisons from using that part of

2  their Lot 8.

3        Because the encroachments essentially gave Welch exclusive use of that

4  part of Lot 8, she was not entitled to a prescriptive easement. The woodshed &

5  other improvements spilling over the mutual boundary line must be removed."

6        {Use Can't Prevent Owner from Meaningful Use of Its Land}

7        "Where a prescriptive easement denies the landowner any meaningful use

8  of his property, courts will recognize that it has the same effect as taking

9  ownership by adverse possession. In such cases, no such easement will be

10 enforced. Accordingly, while a use may be modified to accommodate a natural

11 evolution, it will not be permitted if doing so would effectively eliminate any

12 meaningful use of the servient estate."

13

14       WHEREFORE, Plaintiff demands judgment against Defendants as follows:

15

16       That Defendants be required to set forth each & every claim they may

17 assert to Plaintiff's above-described property; Remove illegal water testing

18 equipment. Remove everything off Macy's Land across existing survey line by

19 Licensed EHE surveyors.

20       That this court determines the true & correct location of the boundary line.

21 Impartial Surveyor Matthew Christian EHE license # L.S. 9410 officially filed with San

22 Bernardino County. EHE #20-330. On September 2020 showing 5 clear tract

23 markers of true boundary line.

24

25       That Plaintiff's title in & to Plaintiff's above- described property be quieted,

26 that it be adjudged that the true & correct location of the boundary line

27 between the above-described properties of Plaintiff's & that Defendants be

28

-6-

1 | adjudged to have no right, title, estate, lien, or interest in or to the property of

2 | Plaintiff, or any part of that property;

3

4 | For a restraining order, preliminary injunction, & a permanent injunction

5 | prohibiting Defendants Cedarpines Park Mutual Water Company; all persons'

6 | Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the

7 | Property Described in the Complaint Adverse to Plaintiff's Title, or any Cloud on

8 | Plaintiffs Title Therefore from interfering with Plaintiff's use of the disputed portion of

9 | Plaintiff's property;

10

11 | For Punitive damages, attorney fees & costs incurred in this action; and

12

13 | For such other & further relief as this court may deem just & proper.

14

15 | DATE: __3/28/24__

16 | _Lynn Macy_

17 | (Lynn Macy)

18 | VERIFICATION

19 | I, Lynn Macy's son in the above-entitled action. I have read the foregoing I

20 | & know the contents thereof. The same is true of my own knowledge, except as

21 | to those matters which are therein alleged on information & belief, & as to those

22 | matters, I believe it to be true.

23

24 | I declare under penalty of perjury that the foregoing is true & correct & that

25 | this declaration was executed at Lake Arrowhead, California.

26 | DATE: __3/28/24__

27 | _Lynn Macy_ (Signature)

28

-7-

*Re: CENTRAL DISTRICT OF CALIFORNIA  Case Number: 5:24-cv-00668-AB-SHKx*

## <u>PROOF OF SERVICE BY MAIL</u>

I am a citizen of the United States and employed in Riverside County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3390 University Avenue, 5th Floor, P.O. Box 1028, Riverside, California  92502.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On July 18, 2024, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DECLARATION OF SELENA ALEGRIA IN SUPPORT OF
MOTION TO QUASH SERVICE OF SUMMONS

in a sealed envelope, postage fully paid, addressed as follows:

Lynn Macy                                              In Pro Per
P.O. Box #103
Twin Peaks, Ca. 92391
(909) 744 -8480

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 18, 2024, at Riverside, California.

*Nieka Caruthers-Dodson*
_____
Nieka Dodson

DECLARATION OF SELENA ALEGRIA IN SUPPORT OF MOTION TO QUASH SERVICE OF SUMMONS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
3390 UNIVERSITY AVENUE, 5TH FLOOR
RIVERSIDE, CALIFORNIA  92502