UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN MACY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CEDARPINES PARK MUTUAL WATER COMPANY, et al.<br><br>　　　　　　Defendants. | Case No. 5:24-cv-00668-AB-SHK<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　This Report and Recommendation ("R&R") is submitted to the Honorable André Birotte Jr., United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**I.　　SUMMARY OF RECOMMENDATION**

　　Before the Court is Defendant Cedarpines Park Mutual Water Company ("Cedarpines") motion titled "Motion to Quash Summons re Complaint" ("Motion to Quash" or "MTQ").  Electronic Case Filing Number ("ECF No.") 16, MTQ.

　　The Magistrate Judge recommends that: (1) Cedarpines' Motion to Quash be **GRANTED**; and (2) this case be **DISMISSED** without prejudice.

/ / /

## II. BACKGROUND

### A. Relevant Procedural History

On March 28, 2024, Plaintiff Lynn Macy ("Plaintiff") filed a complaint ("Complaint") against Cedarpines and Does Defendants 1-10 (together with Cedarpines, "Defendants"). ECF No. 1, Compl. Plaintiff filed a Request to Proceed In Forma Pauperis ("IFP"), ECF No. 4, which the Court granted, ECF No. 8.

On April 9, 2024, Plaintiff filed a Request for the U.S. Marshal Service ("USMS") to serve the Complaint ("USMS Request"). ECF No. 11, USMS Request. That same day, the Court issued the summons ("Summons") for Cedarpines. ECF No. 12. On July 9, 2024, Plaintiff filed a proof of service ("POS") of the Summons and Complaint that was served on Cedarpines. ECF No. 14, POS. On July 12, 2024, the Court issued an Order Denying Request for Service and To Show Cause ("OSC"), in which the Court denied Plaintiff's USMS service and ordered Plaintiff to show cause as to why Doe Defendants should not be dismissed for Plaintiff's failure to serve them. ECF No. 15, OSC.

On July 18, 2024, Cedarpines filed the Motion to Quash. ECF No. 16, MTQ.

On July 26, 2024, Plaintiff filed an Opposition to the OSC ("OSC Response"), in which Plaintiff properly served Cedarpines. ECF No. 19, OSC Response. On July 29, 2024, the Court issued a Final OSC re Doe Defendants, in which the Court indicated that Plaintiff's OSC Response "does not address her failure to serve the Doe Defendants" and provided Plaintiff until August 13, 2024 to take steps to cure the deficiencies in service. ECF No. 20, Final OSC re Doe Defendants.

Also on July 29, Plaintiff filed an Opposition to the MTQ ("Opposition"). ECF No. 21, Opp'n. On August 1, 2024, Defendant filed a Reply in support of the MTQ ("Reply"). ECF No. 22, Reply.

2

B. **Plaintiff's Complaint**

1. **Allegations**

In the Complaint, Plaintiff alleges that she is "the owner in fee [and] is in possession [and] control of real property [and] improvements located at . . . Mojave River Road Cedarpines Park C[A] 92322 . . . described as Tract # 2341[.]" ECF No. 1, Compl. at 2. Plaintiff alleges she "obtained fee simple title to the real property by a grant deed from KEILY, CECILE L TRUST, which is dated 07/06/2020, [and] recorded . . . in the official records of San Bernardino County, California." Id.

Plaintiff alleges "each of the DOE Defendant[] claims, or may claim, some interest in Plaintiff's real property[.]" Id. Plaintiff alleges "Defendants claim an interest or estate in Plaintiff's above-described property, or a portion of it, by Water Company employee, specifically 'Nate'—Maintenance Department put permanent [and] locked water test pipes equipment on Macy Family Property." Id. at 3. Plaintiff contends Cedarpines "does not have legal service authority to ever be on" Plaintiff's land, "do[es] not service Plaintiff[] whatsoever[,]" and "has no easements on Plaintiff's property." Id.

Plaintiff adds "Defendants have been littering: dumping rusted/bent water pipes [and] base rock on Plaintiff's property. Defendants have been parking their tractor on Plaintiff's property." Id. at 4-5. Plaintiff alleges she "suspect[s] Defendants Water Company of stealing Plaintiff's fences." Id. at 5.

2. **Causes of Action and Claim for Relief**

From what the Court can discern from the Complaint, Plaintiff alleges a cause of action for "quiet title to the disputed portion of Plaintiff's above-described property[.]" Id. at 3; see also id. at Civil Cover Sheet (noting the "Nature of Suit" as only "Real Property: All Other Real Property").

Plaintiff seeks: (1) "[t]hat Defendants be required to set forth each [and] every claim they may assert to Plaintiff's above-described property; Remove

3

illegal water testing equipment"; (2) "[t]hat this [C]ourt determine[] the true [and] correct location of the boundary line"; (3) "[t]hat Plaintiff's title in [and] to Plaintiff's above-described property be quieted"; (4) "a restraining order, preliminary injunction, [and] a permanent injunction prohibiting Defendants Cedarpines . . . all persons[] [u]nkown [c]laiming [a]ny [l]egal or [e]quitable [r]ight, [t]itle, [e]state, [l]ien or [i]nterest in [Plaintiff's property]"; and (5) "[p]unitive damages, attorneys fees [and] costs incurred in this action[.]" Id. at 6-7.

### C. MTQ Arguments

#### 1. Cedarpines' MTQ

In the MTQ, Cedarpines first argues Plaintiff failed to properly serve the Summons and Complaint. ECF No. 16, MTQ at 5. Cedarpines asserts Plaintiff did not serve its agent authorized to accept service of process on its behalf. Id. at 6.

Cedarpines next argues the Court should sua sponte dismiss this Complaint for lack of subject matter jurisdiction because "[t]here is no jurisdictional statement in the [C]omplaint and Plaintiff offers no basis for this [C]ourt entertaining an action for quiet title and injunctive relief." Id. at 6-7.

#### 2. Plaintiff's Opposition

In the Opposition, Plaintiff explains that on April 9, 2024 she "request[ed] for [USMS] to serve the Complaint [and] Summons . . . , but the judge never responded to Plaintiff's [r]equest." ECF No. 21, Opp'n at 1. Plaintiff adds "[o]n April 16, 2024, [she] served [Cedarpines] since the USMS Request was not approved [and] the [C]ourt did not order that service be made by United States marshal or deputy marshal . . . [and] Plaintiff also filed a [POS]." Id. at 1-2. Plaintiff further explains "[o]n July 8, 2024 Plaintiff filed another [POS], indicating that [Cedarpines] was properly served . . . Plaintiff served Defendant within 90 days since Plaintiff filed the Complaint." Id. at 2.

/ / /

1    Plaintiff argues the Summons and Complaint were served on a Cedarpines
2 employee, received the same in the mail, and "even responded [and] acknowledged
3 to receiving Plaintiff's Complaint [and] Summons by mailing Plaintiff back."  Id.
4 Plaintiff further argues "Defendant's own lawyer said Plaintiff could serve
5 Summon [and] Complaint again to Defendant's lawyer; proving that Defendant
6 had already been served[.]"  Id. at 3.

### 3.  Cedarpines' Reply

8    In its Reply, Cedarpines argues "Plaintiff has offered no admissible evidence
9 which either (1) supports that the [S]ummons and [C]omplaint in this matter were
10 properly served, or (2) contradicts the evidence offered by [Cedarpines] in support
11 of its motion."  ECF No. 22, Reply at 2.  Cedarpines adds "defense counsel did
12 offer to accept service of the [S]ummons and [C]omplaint once the [S]ummons
13 was corrected to state the correct court, and asked only that Plaintiff email both
14 with a Notice and Acknowledgment of Receipt to defense counsel[,]" but "[n]o
15 such correction or email took place."  Id.

### III.  LEGAL STANDARDS

17    Federal courts are courts of limited jurisdiction.  Kokkonen v. Guardian Life
18 Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Subject matter jurisdiction involves a
19 court's power to hear a case, and thus cannot be forfeited or waived.  United States
20 v. Cotton, 535 U.S. 625, 630 (2002).  Lack of subject matter jurisdiction may be
21 raised by either party at any point in the litigation, Arbaugh v. Y&H Corp., 546
22 U.S. 500, 506 (2006), or by the court sua sponte, Ruhrgas AG v. Marathon Oil Co.,
23 526 U.S. 574, 583 (1999).  In fact, "courts have an independent obligation to
24 determine whether subject matter jurisdiction exists, even in the absence of a
25 challenge from a party."  Ruhrgas, 526 U.S. at 583.
26    "The party asserting jurisdiction bears the burden of establishing subject
27 matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction."
28 In re Dynamic Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984 (9th

1  Cir. 2008). "A [Federal Rule of Civil Procedure ("Rule")]12(b)(1) jurisdictional
2  attack may be facial or factual." Safe Air for Everyone v. Myer, 373 F.3d 1035,
3  1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations
4  contained in a complaint are insufficient on their face to invoke federal
5  jurisdiction." Id. "[I]n a factual attack, the challenger disputes the truth of the
6  allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

7      District courts have federal question "jurisdiction of all civil actions arising
8  under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
9  District courts also have diversity jurisdiction "where the matter in controversy
10 exceeds the sum or value of $75,000, exclusive of interests and costs and is
11 between" and "citizens of different States[.]" 28 U.S.C. § 1332(a).

## IV. DISCUSSION

13     Cedarpines argues the Court lacks jurisdiction over this action because the
14 Complaint does not allege a basis for federal jurisdiction.[1] ECF No. 16, MTQ at 6.
15 Plaintiff has not provided any argument to the contrary in the Opposition. See
16 generally ECF No. 21, Opp'n.

17     The Magistrate Judge finds that the allegations contained in the Complaint
18 are insufficient to invoke federal question jurisdiction. First, Rule 8 requires "a
19 short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ.
20 P. 8(a)(1). The Complaint lacks any reference to the grounds for jurisdiction. See
21 generally ECF No. 1, Compl. Second, to the extent the undersigned can discern a
22 cause of action in the Complaint, it appears that Plaintiff alleges only a state law
23 cause of action for "quiet title[,]" see id. at 3, and the Civil Cover Sheet marks only
24 "All Other Real Property" for "Nature of the Suit[,]" id. at 8. Plaintiff does not

---

[1] The undersigned Magistrate does not address the proprietary of service because the lack subject matter jurisdiction is sufficient grounds to dismiss this case. The undersigned Magistrate notes, however, even if service was deficient, Plaintiff was entitled to service by USMS because she is proceeding IFP, the Court has discretion to extend time for service to correct any deficiencies, see Fed. R. Civ. P. 4(m), and service could easily be corrected by Plaintiff providing the materials required by Rule 4(d) for Cedarpines to waive service of process.

allege a federal cause of action; nor does she allege that the parties are diverse and the amount in controversy meets the jurisdictional threshold. As such, the Complaint lacks not only a specific section stating the grounds for jurisdiction, as required by Rule 8, it also does not allege any causes of action from which the Court could infer federal jurisdiction.

Therefore, this Court is without subject matter jurisdiction, and should dismiss this case without prejudice.

## V.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the Court:

(1)   ACCEPT the findings in this Report and Recommendation;

(2)   GRANT Defendant's MTQ; and

(3)   DISMISS this case without prejudice.

DATED:  August 23, 2024

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.